UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY C. BARRETT, Petitioner | CIVIL ACTION NO. 1:19-CV-1439-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

# MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Anthony C. Barrett ("Barrett") (#69617-061). Barrett is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Barrett challenges the legality of his sentence as well as the calculation of his sentence and custody classification level by the BOP.

Because Barrett has not shown that he exhausted administrative remedies, or that he is entitled to proceed under § 2241, he must AMEND his Petition (ECF No. 1).

## I.    Background

Barrett alleges that was convicted of unlawful possession of a firearm and armed bank robbery. ECF No. 1 at 1. Barrett claims that he was sentenced "beyond the statutory maximum." ECF No. 1 at 1.

Barrett further alleges that he is entitled to a recalculation of his sentence under the "First Step Act." ECF No. 1 at 6.

Finally, Barrett alleges that his custody classification level was improperly changed from a 24 to a 27, resulting in his placement at a United States Penitentiary rather than a Federal Correctional Institution. ECF No. 1 at 7.

## II. Instructions to Amend

Barrett may challenge the computation of his sentence under § 2241. However, a petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). An exception to this requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. *See Fuller*, 11 F.3d at 62.

Barrett has not established that he fully exhausted administrative remedies as to his sentence computation and custody classification claims. Barrett must amend his Petition (ECF No. 1) to state whether he filed an administrative remedy regarding both of these claims, and whether he appealed the denial of relief through the regional and national levels. If so, Barrett shall provide copies of the responses received at each level. If Barrett did not fully exhaust, he must explain what, if any,

extraordinary circumstances prevented him from properly exhausting. *See Fuller*, 11 F.3d at 62.

Barrett also challenges the legality of the sentence imposed by another federal court. A motion under 28 U.S.C. § 2255 should ordinarily be used to vacate, set aside, or correct a sentence based on sentencing errors. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b). Because Barrett alleges that he was sentenced beyond what was legally permissible, Barrett's claim must typically be raised in a § 2255 motion filed in the sentencing court.

However, § 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must

3

demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Therefore, as to the legality of his sentence, Barrett should state whether he filed a § 2255 motion in the sentencing court and whether he meets all three requirements of the savings clause.

III. Conclusion

Because Barrett has not established whether his claims are exhausted and that he meets the requirements of the savings clause, IT IS ORDERED that Barrett AMEND his Petition (ECF No. 1) within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 8th day of January 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE