UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY C. BARRETT, Petitioner | CIVIL ACTION NO. 1:19-CV-1439-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Amended Petition (ECF No. 11) filed by *pro se* Petitioner Anthony C. Barrett ("Barrett") (#69617-061). Barrett is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), presently incarcerated at the United States Penitentiary in Atwater, California. Barrett challenges the legality and computation of his federal sentence, as well as his custody classification.

Because Barrett cannot meet the requirements of the savings clause and has not exhausted some of his claims, his Petition (ECF No. 1, 11) should be DISMISSED for lack of jurisdiction.

I. Background

Barrett was convicted of unlawful possession of a firearm and armed bank robbery. ECF No. 1 at 1. Barrett alleges that he was sentenced "beyond the statutory maximum" and is entitled to habeas relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). ECF Nos. 1, 11. Barrett further alleges that he is entitled to a recalculation of his sentence under the "First Step Act." ECF No. 1 at 6. Finally,

Barrett alleges that his custody classification level was improperly changed from a 24 to a 27, resulting in his placement at a United States Penitentiary rather than a Federal Correctional Institution. ECF No. 1 at 7.

Barrett filed a 28 U.S.C. § 2255 motion in the court of conviction, which was denied. According to the United States Court of Appeals for the Sixth Circuit:

> In 2011, Barrett pleaded guilty to armed bank robbery and to being a felon in possession of a firearm. By that time, Barrett already had two robbery convictions in Florida and one in Ohio. At sentencing, the district court determined that these convictions qualified as "violent felonies" under the ACCA, meaning that Barrett faced a 15-year mandatory minimum. The district court sentenced him to concurrent 19-year terms. Barrett did not appeal. The next year, Barrett filed his first motion under § 2255, which the district court denied. This court affirmed.
>
> Three years later, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague. *See Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Later that year, Barrett asked this court for permission to file his second motion under § 2255, arguing that *Johnson* invalidated his sentence because, Barrett said, the district court had relied on the residual clause to sentence him. This court granted Barrett permission to file his motion.
>
> After Barrett did so, the district court found that when sentencing Barrett it had used the elements clause rather than the residual clause. Hence the court denied him relief.

*Barrett v. United States*, 742 F. App'x 134, 135 (6th Cir. 2018), *cert. denied*, 139 S.Ct. 2035 (2019).

The Sixth Circuit determined that the district judge's finding that he relied on the elements clause in sentencing Barrett was "nearly conclusive." *See id.* The court found that Barrett's three prior convictions qualified as violent felonies under both the elements clause and the residual clause, so there would have been no legal reason

for the district court to rely only on the residual clause. *See id.* Further, "Barrett points to nothing in his plea agreement, his sentencing transcript, or otherwise in the record that could support a finding that the sentencing court relied only upon the residual clause." *Id.*

The Sixth Circuit did not address Barrett's argument that his prior convictions would no longer qualify as violent felonies because the argument did not arise under *Johnson* or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *Id.* The appellate court affirmed the denial of Barrett's § 2255 motion. *Id.* The United States Supreme Court denied Barrett's Petition for Writ of Certiorari. *Barrett v. United States*, 139 S.Ct. 2035 (2019).

Barrett filed another request for authorization to file a second or successive § 2255 motion seeking "to raise a claim relying on section 403 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194; a claim that he lacked the mental ability to know that he was prohibited from possessing a firearm, citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019); and an alleged violation of the plea agreement." In re: *Anthony C. Barrett*, 19-3768 (6th Cir. 02/04/2020). The Sixth Circuit found that Barrett was not entitled to file a second or successive petition and that:

> Section 403 of the First Step Act is not applicable to Barrett's case, as it deals with sentencing for subsequent convictions of possession of a firearm by a felon. It is also a statute rather than a new rule of constitutional law announced by the Supreme Court and made retroactive to cases on collateral review. *Rehaif* is also inapplicable to Barrett's case, as it is a case of statutory interpretation rather than a new rule of constitutional law, and it has not been made retroactive to cases on collateral review. Finally, the claim of a breach of the plea agreement cites neither new law nor new facts, so [Barrett] has not

made 'a prima facie showing that [his] application satisfies the requirements' of § 2255(h). 28 U.S.C. § 2244(b)(3)(C).

*Id.*

## II. Law and Analysis

### A. Barrett is not entitled to proceed under the savings clause.

Barrett challenges the legality of his sentence. A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381

(5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But, relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878. Rather, the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

Barrett previously raised the *Johnson* claim in a § 2255 Petition, and the sentencing court and the Sixth Circuit found that *Johnson* was inapplicable. *Barrett*, 742 F. App'x at 135. Both courts found that Barrett was sentenced under the elements clause rather than the residual clause. *See id.* Barrett cannot meet the

5

requirements of the savings clause because he cannot show that *Johnson* established his innocence.

Barrett also previously sought authorization to file a second or successive § 2255 claim under the First Step Act. *In re: Anthony C. Barrett*, 19-3768 (6th Cir. 02/04/2020). The Sixth Circuit found the First Step Act inapplicable to Barrett's case. *See id.*

Section 2255 is not inadequate or ineffective simply because the sentencing court or appellate court denied relief and the petitioner wants to relitigate a claim that was already decided against him. *See Ceballos Torres v. United States*, 83 F. App'x 609 (5th Cir. 2003) (petitioner cannot relitigate claims already raised and rejected); *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000) ("Section 2241 is simply not available to prisoners as a means of challenging a result they previously obtained from a court considering their petition for habeas relief."); *Crosby v. Brook*, 353 F. App'x 591, 593 (2d Cir. 2009) (§ 2255's savings clause was not properly invoked where the petition was an attempt to relitigate issues previously decided by other courts).

Barrett's arguments regarding the legality of his sentence have already been denied by other courts, and Barrett cannot relitigate those claims. Barrett has not otherwise shown that he is entitled to proceed under the savings clause.

### B. Barrett's claim regarding the computation of his sentence and his custody classification are not fully exhausted.

Barrett may challenge the computation of his sentence under § 2241. However, a petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th

Cir. 1993) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). An exception to this requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. *See Fuller*, 11 F.3d at 62.

Barrett has not established that he fully exhausted administrative remedies as to his sentence computation and custody classification claims. Only after Barrett was ordered to amend his Petition to state whether he filed an administrative remedy regarding both of these claims did Barrett file an informal resolution form. ECF No. 11-1 at 1. Therefore, the claims are not yet exhausted. Barrett does not allege any extraordinary circumstances that prevented him from properly exhausting before filing his Petition. *See Fuller*, 11 F.3d at 62.

### III. Conclusion

Because Barrett cannot meet the requirements of the savings clause and has not exhausted his sentence computation and custody classification claims, IT IS RECOMMENDED that Barrett's § 2241 Petition (ECF No. 1, 11) be DENIED and

DISMISSED WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Barrett's claims.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 1st day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE